UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSEPH MICHAEL DONNETTE-SHERMAN,

    Plaintiff,

v.

STATE OF WASHINGTON,

    Defendant.

CASE NO. 3:17-CV-05600-BHS-DWC

ORDER TO SHOW CAUSE OR AMEND

Plaintiff Joseph Michael Donnette-Sherman, proceeding *pro se*, filed a Complaint pursuant to 42 U.S.C. § 1983. *See* Dkt. 1-1.[1] Having reviewed and screened Plaintiff's Complaint under 28 U.S.C. § 1915A, the Court declines to serve the Complaint but provides Plaintiff leave to file an amended pleading by September 11, 2017, to cure the deficiencies identified herein.

---

[1] Plaintiff also filed a Motion for Leave to Proceed *In Forma Pauperis*. Dkt. 1. However, the Court finds it improbable Plaintiff will be able to cure the deficiencies of his Complaint and therefore will not rule on the request to proceed *in forma pauperis* until Plaintiff has filed an amended complaint.

ORDER TO SHOW CAUSE OR AMEND - 1

In his Complaint, Plaintiff requests only that the Court overturn his verdict and "restore his life which has taken from [him] unconstitutionally due to due process violations." Dkt. 1-1, p. 4. An "action lying at the core of habeas corpus is one that goes directly to the constitutionality of the prisoner's physical confinement itself and seeks either immediate release from that confinement or the shortening of its duration. With regard to such actions, habeas corpus is now considered the prisoner's exclusive remedy." *Preiser v. Rodriguez*, 411 U.S. 475, 503 (1973) (internal quotation omitted). "A civil rights action, in contrast, is the proper method of challenging conditions of confinement." *Badea v. Cox*, 931 F.3d 573, 574 (9th Cir. 1991).

Here, Plaintiff filed a civil rights action wherein he challenges his physical confinement, requesting his conviction be overturned. Plaintiff's requested relief, which challenges the fact and duration of his custody, is properly raised in a § 2254 Petition, not a § 1983 Complaint. Therefore, Plaintiff has failed to state a viable § 1983 claim.

If Plaintiff intends to pursue this § 1983 civil rights action, he must file an amended complaint on the form provided by the Court, including only claims challenging the conditions of his confinement. Plaintiff may file a separate § 2254 habeas petition challenging the fact or duration of his custody on the form provided by the Court.

The amended § 1983 complaint must contain a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for the original Complaint, and not as a supplement. The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights. The Court will not authorize service of the amended complaint on any defendant who is not specifically linked to a violation of Plaintiff's rights.

If Plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein on or before September 11, 2017, the undersigned will recommend dismissal of this action.

The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service and the forms for filing a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. The Clerk is further directed to send copies of this Order and Pro Se Instruction Sheet to Plaintiff.

Dated this 9th day of August, 2017.

David W. Christel
United States Magistrate Judge