UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSEPH MICHAEL DONNETTE-SHERMAN,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF WASHINGTON,<br><br>Defendant. | CASE NO. 3:17-CV-05600-BHS-DWC<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |

The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate Judge David W. Christel. On October 11, 2017, Plaintiff filed an Application for Court-Appointed Counsel. Dkt. 7.

No constitutional right to appointed counsel exists in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other*

*grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (*quoting Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

In Plaintiff's Motion, he states he has contacted about twelve attorneys and restates why he seeks relief in this case. Dkt. 7. At this time, Plaintiff has not shown, nor does the Court find, this case involves complex facts or law. Plaintiff has also not shown he is likely to succeed on the merits of his case or shown an inability to articulate the factual basis of his claims in a fashion understandable to the Court. For example, Plaintiff clearly articulated his claims in this Motion. *See* Dkt. 7. Additionally, as the Complaint has not been served, Defendant has not filed an answer or other responsive pleading to the Complaint, and discovery has not yet begun. The Court also notes "Plaintiff's incarceration and limited access to legal materials are not exceptional factors constituting exceptional circumstances that warrant the appointment of counsel. Rather, they are the type of difficulties encountered by many pro se litigants." *Dancer v. Jeske*, 2009 WL 1110432, *1 (W.D. Wash. Apr. 24, 2009). Therefore, the Court finds Plaintiff has failed to show the appointment of counsel is appropriate at this time. Accordingly, Plaintiff's Motion (Dkt. 7) is denied without prejudice.

Dated this 13th day of November, 2017.

David W. Christel
United States Magistrate Judge