1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

11

12

13

14

15

| | |
|---|---|
| JOSEPH MICHAEL DONNETTE-SHERMAN,<br><br>                  Plaintiff,<br><br>          v.<br><br>STATE OF WASHINGTON, et al.,<br><br>                  Defendants. | CASE NO. 3:17-cv-05600-BHS-DWC<br><br>REPORT AND<br>RECOMMENDATION<br><br>Noting Date: November 23, 2018 |

16

17

18

19

20

21

22

23

24

        The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United

States Magistrate Judge David W. Christel. Plaintiff Joseph Michael Donnette-Sherman,

proceeding *pro se*, initiated this civil rights action on July 28, 2017.

        Plaintiff has named the State of Washington ("the State") as a Defendant in this action.

However, a state is not a "person" for purposes of a § 1983 action, and further, states enjoy

sovereign immunity from civil suit pursuant to § 1983. Therefore, Washington is not a proper

defendant in this action and, further, is immune from suit. Accordingly, the Court recommends

1  Washington's Motion to Dismiss ("Motion") (Dkt. 30) be granted and Washington be dismissed

2  from this case. The case should proceed against Plaintiff's remaining Defendants.

3  **I.      Background**

4       Plaintiff's Amended Complaint alleges he was unlawfully arrested and convicted in

5  violation of the Constitution. Dkt. 14-1. He names two individual Defendants, Defendant

6  Toynbee and Defendant Jefferson, as well as the State itself. *Id*. The State has now filed its

7  Motion, arguing the State is not a person within the meaning of § 1983 and that, even if it were,

8  the State enjoys sovereign immunity from suits pursuant to § 1983. Dkt. 30. Plaintiff has filed a

9  Response arguing the State is a necessary party because records required for his suit are

10 obtainable only through the State itself, the State's authority was invoked by the prosecutor

11 during Plaintiff's trial, and the other Defendants were state actors working under the State's

12 direction at the time of his allegations. Dkt. 33. Defendants have not filed a reply.

13 **II.      Standard of Review**

14       A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure can be

15 granted only if the complaint, with all factual allegations accepted as true, fails to "raise a right

16 to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

17 Mere conclusory statements in a complaint and "formulaic recitation[s] of the elements of a

18 cause of action" are not sufficient. *Id.*; *Chavez v. United States*, 683 F.3d 1102, 1108-09 (9th Cir.

19 2012). "Dismissal can be based on the lack of a cognizable legal theory or the absence of

20 sufficient facts alleged under a cognizable legal theory." *Ballistreri v. Pacifica Police Dept.,* 901

21 F.2d 696, 699 (9th Cir. 1990).

22

23

24

1        **III.    Discussion**

2        Plaintiff has named the State itself as a Defendant in this action. However, 42 U.S.C. §

3    1983 applies only to the actions of "persons" acting under color of state law.  For the purposes of

4    § 1983, a state is not a "person."  *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69

5    (1997); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, because the State is, in

6    fact, a state, it is not a "person" for purposes of § 1983. Therefore, it is not a proper Defendant in

7    this action.

8         In addition, "'[t]he principle is elementary that a State cannot be sued in its own courts

9    without its consent.'" *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 67 (1989) (quoting

10    *Railroad Co. v. Tennessee*, 101 U.S. 337, 339 (1880)). Immunity from suit extends even to suits

11    raised pursuant to § 1983. *Id*. Thus, absent consent or waiver of the state's immunity, a state may

12    not be held liable in a § 1983 action. *Tennessee v. Lane*, 541 U.S. 509, 517-18 (2004). Here, the

13    State has not waived its sovereign immunity. To the contrary, the State is explicitly invoking its

14    sovereign immunity in its Motion. *See* Dkt. 18. Because the State has not waived its sovereign

15    immunity, it still enjoys sovereign immunity as to Plaintiff's § 1983 claim. Therefore, the State is

16    both an improper defendant to this lawsuit and is immune from liability. Accordingly, the Court

17    recommends the State's Motion (Dkt. 18) be granted and the State be dismissed from this action.

18                                            **CONCLUSION**

19        Based on the foregoing, the Court concludes the State is not a proper defendant in this

20    action and is immune from suit. Accordingly, the Court recommends the State's Motion (Dkt.

21    30) be granted and the State be dismissed from this case. The case should proceed against

22    Plaintiff's remaining named Defendants, Defendant Toynbee and Defendant Jefferson.

23

24

1    Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

2    fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.

3    6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*

4    review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

5    imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on

6    November 23, 2018, as noted in the caption.

7

8    Dated this 6th day of November, 2018.

9

10   _____

11   David W. Christel
     United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

REPORT AND RECOMMENDATION - 4