UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSEPH MICHAEL DONNETTE-
SHERMAN,

                  Plaintiff,

    v.

STATE OF WASHINGTON, J ANDREW
TOYNBEE, LARRY JEFFERSON,

                  Defendants.

CASE NO. 3:17-CV-05600-BHS-DWC

REPORT AND RECOMMENDATION

Noting Date: January 4, 2019

The District Court referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Plaintiff Joseph Michael Donnette-Sherman, proceeding *pro se*, filed this civil rights Amended Complaint pursuant to 42 U.S.C. § 1983.[1] Presently pending before the Court is a Motion to Dismiss filed by Defendants J. Andrew Toynbee and Larry Jefferson ("the Individual Defendants").[2] Dkt. 35.

---

[1] Plaintiff initiated this action on July 28, 2017. Dkt. 1. On April 1, 2018, Plaintiff filed a proposed Amended Complaint. Dkt. 14. The Court ordered service of the Amended Complaint on June 7, 2018. Dkt. 18.

[2] On November 6, 2018, the Court issued a Report and Recommendation recommending dismissal of the State of Washington from this case. Dkt. 34. Plaintiff objected to the Report and Recommendation on November 16, 2018. Dkt. 38. The matter is currently pending before Judge Benjamin H. Settle.

1  After considering the Motion to Dismiss and relevant record, the Court finds Plaintiff has

2  failed to state a claim against the Individual Defendants. Therefore, the Court recommends their

3  Motion to Dismiss (Dkt. 35) be granted.

4  ## BACKGROUND

5  Plaintiff alleges the Individual Defendants violated his rights during his trial for second-

6  degree assault while armed with a deadly weapon. Dkt. 14, pp. 2-10; *see also* Dkt. 6, p. 10.

7  Plaintiff argues Defendant Toynbee, who was the deputy prosecuting attorney in Plaintiff's

8  criminal case, misrepresented evidence at the trial. Dkt. 14, p. 7. Plaintiff also alleges Defendant

9  Jefferson, who was Plaintiff's appointed counsel at trial, failed to request evidence for the

10  defense and object to evidence from the prosecution. *Id.*

11  The Individual Defendants filed a Motion to Dismiss on November 15, 2018. Dkt. 35.

12  Plaintiff filed a "Request for Clarification" on December 5, 2018. Dkt. 39. The Individual

13  Defendants did not file a Reply memorandum, but filed a surreply regarding attachments

14  containing portions of the record from Plaintiff's state court proceedings. Dkt. 40.

15  ## STANDARD OF REVIEW

16  A motion to dismiss can be granted only if Plaintiff's Amended Complaint, with all

17  factual allegations accepted as true, fails to "raise a right to relief above the speculative level."

18  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

19  To survive a motion to dismiss, a complaint must contain sufficient factual matter,
   accepted as true, to "state a claim to relief that is plausible on its face." A claim has

20  facial plausibility when the plaintiff pleads factual content that allows the court to
   draw the reasonable inference that the defendant is liable for the misconduct

21  alleged. The plausibility standard is not akin to a probability requirement, but it
   asks for more than a sheer possibility that a defendant has acted unlawfully.

22  

23  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556, 570).

24

1    A complaint must contain a "short and plain statement of the claim showing that the

2    pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the

3    statement need only give the defendant fair notice of what the . . . claim is and the grounds upon

4    which it rests." *Erickson v. Pardus, et al.*, 551 U.S. 89, 93 (2007) (internal citations omitted).

5    However, the pleading must be more than an "unadorned, the-defendant-unlawfully-harmed-me

6    accusation." *Iqbal*, 556 U.S. at 678.

7    While the Court must accept all the allegations contained in a complaint as true, the Court

8    does not have to accept a "legal conclusion couched as a factual allegation." *Id.* "Threadbare

9    recitals of the elements of a cause of action, supported by mere conclusory statements, do not

10   suffice." *Id.*; *Jones v. Cmty. Dev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere

11   conclusory allegations unsupported by facts are not sufficient to state § 1983 claims); *Pena v.

12   Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). While the Court is to construe a complaint liberally,

13   such construction "may not supply essential elements of the claim that were not initially pled."

14   *Pena*, 976 F.2d at 471.

15   **DISCUSSION**

16   Plaintiff alleges he was "wrongfully treated and convicted by improper interpretations of

17   photos, unsubstantiated statements, false statements, lack of evidence, and false evidence

18   submitted as Trial Exhibits by Defendants." Dkt. 14, p. 4.

19   **I.    Defendant Toynbee**

20   Plaintiff alleges Defendant Toynbee violated his rights by creating a "false story" with

21   "no evidence" and impugning a witness by implying he was mistaken or lying. Dkt. 14, p. 7.

22   Prosecutors are entitled to absolute immunity from liability for damages under § 1983.

23   *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976). Prosecutorial immunity protects a prosecutor

24

1  who "acts within his or her authority and in a quasi-judicial capacity." *Asheleman v. Pope*, 793

2  F.2d 1072, 1076 (9th Cir. 1986) (citing *Imbler*, 424 U.S. at 430-31). "Such immunity applies

3  even if it leaves 'the genuinely wronged defendant without civil redress against a prosecutor

4  whose malicious or dishonest action deprives him of liberty.'" *Id.* (quoting *Imbler*, 424 U.S. at

5  427).

6       Plaintiff's allegations involve Defendant Toynbee's actions before and during the trial.

7  These actions were all performed within Toynbee's authority as a prosecutor and in a quasi-

8  judicial capacity. Accordingly, Toynbee has absolute immunity under § 1983, and the Court

9  recommends Plaintiff's claims against him be dismissed.

10       **II.    Defendant Jefferson**

11       Plaintiff alleges Defendant Jefferson should have objected to testimony from the

12  prosecution's witness and should have requested analysis of more evidence that Plaintiff believes

13  would have been beneficial to his case. Dkt. 14, pp. 7-8.

14       In order to state a claim for relief under § 1983, a plaintiff must show his rights were

15  violated by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420

16  (9th Cir. 1991). A court-appointed defense attorney "does not act under color of state law when

17  performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."

18  *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981); *Miranda v. Clark Cty.*, 319 F.3d 465, 468 (9th

19  Cir. 2003). A defense attorney may be liable under § 1983 only where he "conspired with state

20  officials to deprive the § 1983 plaintiff of federal constitutional rights." *Tower v. Glover*, 467

21  U.S. 914, 916 (1984). To prove such a conspiracy, a § 1983 plaintiff must show "an agreement

22  or 'meeting of the minds' to violate constitutional rights." *United Steelworkers of Am. v. Phelps

23  Dodge Corp.*, 865 F.2d 1539, 1540-41 (1989) (quoting *Fonda v. Gray*, 707 F.2d 435, 437 (9th

24

REPORT AND RECOMMENDATION - 4

1   Cir. 1983)). Conclusory allegations will not suffice to state a claim of conspiracy. *See Ivey v. Bd.*

2   *of Regents*, 673 F.2d 266, 268 (9th Cir.1982).

3       Here, Defendant Jefferson was Plaintiff's court-appointed attorney, not a person acting

4   under color of state law. Additionally, Plaintiff has not alleged Defendant Jefferson conspired

5   with state officials. Therefore, the Court recommends the claims against Defendant Jefferson be

6   dismissed.

7      **III.**     **Plaintiff's Request for Clarification**

8       Plaintiff filed a "Request for Clarification" regarding both the Court's Order Directing

9   Service of the Amended Complaint ("Order Directing Service") and the Motion to Dismiss. Dkt.

10   39. Plaintiff's inquiry centered on the Court's description of the *Heck* doctrine in the Order

11   Directing Service. *See* Dkt. 18, pp. 2-4. The *Heck* doctrine bars a claim for damages under

12   § 1983 if success in that action would necessarily demonstrate the invalidity of the plaintiff's

13   conviction. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). In the Order Directing Service, the

14   Court noted that an exception to the *Heck* bar may exist if Plaintiff had taken steps to invalidate

15   his conviction before he was released from custody. Dkt. 18, p. 4.

16       As stated above, *supra* Sections I-II, the Court determines Plaintiff has failed to state a

17   claim because Defendant Toynbee has absolute immunity and Defendant Jefferson did not act

18   under color of state law. Thus, even if the *Heck* doctrine did not bar Plaintiff's claims, his

19   Amended Complaint would fail for the reasons stated above. The Court therefore does not need

20   to address whether or how the *Heck* doctrine applies in this case.

21

22

23

24

**CONCLUSION**

Based on the foregoing, the Court concludes Plaintiff has failed to state a claim on which relief can be granted. Accordingly, the Court recommends the Individual Defendants' Motion to Dismiss be granted and Defendants Toynbee and Jefferson be dismissed from this case.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on January 4, 2019, as noted in the caption.

Dated this 19th day of December, 2018.

David W. Christel
United States Magistrate Judge